IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL M. and CHRISTINE M., as parents as best friends of ZACHARY M.<br><br>Plaintiffs,<br><br>vs.<br><br>BOARD OF EDUCATION OF EVANSTON TOWNSHIP HIGH SCHOOL DISTRICT # 202, EVANSTON TOWNSHIP HIGH SCHOOL DISTRICT #202, AVIVA TAUMAN, MARILYN MADDEN, ARACELY CANCHOLA and DR. ERIC WITHERSPOON, DR. BONITA SIMON,<br><br>Defendants | Case No.:<br><br>```<br>FILED: FEBRUARY 9, 2009<br>09CV797<br>JUDGE ZAGEL<br>MAGISTRATE JUDGE NOLAN<br>CH<br>``` |

## VERIFIED COMPLAINT

Now come the plaintiffs, Michael M. and Christine M. ("the parents"), on behalf of their son, Zachary, by and through their attorney, Steven E. Glink, pursuant to 29 USC 701, et. seq. and 42 USC 12101, et seq. and complaining against the defendants, state as follows.

## JURISDICTION

1. This action is brought pursuant to the Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 USC 701, et seq. and the Americans With Disabilities ("ADA"), 42 USC 12101 et. seq. as amended effective January 1, 2009.
2. Jurisdiction is proper pursuant to 28 USC 1331
3. Venue is proper pursuant to 28 USC 1392.

## **THE PARTIES**

4. At all times relevant to this Complaint, at the times of the occurrences alleged herein, Zachary was a 15 year old student at Evanston Township High School (he is now 16 years old).

5. Michael and Christine are Zachary's parents and reside with Zachary in Evanston, Cook County, Illinois.

6. Evanston Township High School ("the high school") is a public high school owned and operated by the Board of Education ("the Board") and is located in Evanston, Cook County, Illinois.

7. The District is a recipient of federal and state funds.

8. Evanston Township High School District # 202 ("the District") and the Board are body politics organized pursuant to various laws of the State of Illinois, including but not limited to the Illinois School Code, 105 ILCS 5/10-1. et seq.

9. Aracely Canchola is a social worker employed by the District and assumed primary responsibility to monitor Zachary's application for disability benefits.

10. Aviva Tauman is employed by the District as the director of special services, which includes but is not limited to services under Section 504.

11. Marilyn Madden is employed by the District and at all times relevant to this complaint, was in charge of the section 504 evaluation, eligibility, development and implementation process

12. Dr. Bonita Simon was an impartial hearing officer empowered by federal and state law to preside and rule on various issues of fact and law relative to a section 504 appeal for Zachary.

13. At all times relevant to this complaint, Dr. Eric Witherspoon was the superintendent of the District and was charged generally with running the day to day operations of the district and the high school.

14. At all times relevant to the events alleged in the Complaint, all defendants acted under color of law via the power and authority of Federal law (section 504 and/or the ADA) as well as the laws of the State of Illinois.

## **FACTS COMMON TO ALL COUNTS**

15. Zachary is diagnosed with ADHD.
16. ADHD is a legally recognized disability, often classified as Other Health Impairment ("OHI").
17. Zachary's parents have repeatedly requested that the defendants find Zachary eligible for reasonable accommodations under section 504.
18. While the defendants believe that Zachary does have a qualifying disability and that said disability does impair one of Zachary's major life functions (learning), they collectively deny that Zachary is eligible for a 504 plan.
19. On information and belief, parents allege that the defendants' sole basis for denying 504 eligibility is defendants' belief that Zachary's disability does not substantially impair his learning.
20. The Defendants believed and continue to believe they have met their duties under the law.
21. The parents filed a request for a 504 hearing to resolve the dispute between the parties.
22. Dr. Simon served as the hearing officer to hear this case.
23. A 504 hearing was held on November 3, 2008.
24. On November 10, 2008, Dr, Simon issued her decision ruling in favor of the District (a copy of Dr. Simon's decision is attached hereto as exhibit A).
25. Zachary's parents have paid legal fees in an attempt to rectify this situation.

## COUNT I-VIOLATION OF SECTION 504

26. Plaintiffs reallege their alleges in paragraphs 1-23 above as their allegations for count I.
27. Section 504 required and continues to require the defendants to grant Zachary reasonable educational accommodations.
28. Plaintiffs believe that the defendants did not have adequate procedures in place for evaluating section 504 eligibility.

29. Plaintiffs believe that the defendants improperly denied Zachary section 504 eligibility.
30. Plaintiffs believe that defendants' denial of a section 504 plan to Zach was in retaliation for the plaintiffs having filed an earlier lawsuit against the District on behalf of their other son, John.
31. As a direct and proximate result of defendants' denial of eligibility and by reason thereof, of reasonable educational accommodations, defendants jointly and severally have discriminated against Zachary in the major life function of education in that:
    - Zachary has lost credit for tests that were not completed on time;
    - Zachary has lost credit for assignments that were not turned in on time;
    - Zachary was not given adequate and/or appropriate opportunities to re-take or to make up these tests and assignments;
    - Zachary's parents were not given appropriate and/or adequate notice of tests, re-takes or make- up tests;
    - Zachary was not given adequate preparation materials such as class notes, which would have been a reasonable accommodation for his disorganization problem;
    - Zachary was falsely accused of plagiarism;
    - Some of Zachary's grades were arbitrarily lowered precluding him from the school Honor Society.

All of the above acts by the defendants have caused plaintiffs to suffer emotional distress.

Wherefore, plaintiffs respectfully pray that the defendants be ordered to develop an appropriate 504 plan for Zachary. Plaintiffs also pray that this Honorable Court order the defendants to recalculate Zachary's grades without point/credit deductions for late or disorganized work. Finally, plaintiffs pray that this Honorable court award them monetary damages as the Court determines to be appropriate plus costs and reasonable attorney's fees.

## COUNT II-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

32. Plaintiffs reallege their allegations in paragraphs 1-30 above as their allegations for count II.

33. The ADA prohibits the defendants from denying a qualified individual and in particular, Zachary M. equal access to privileges and opportunities due to his disability.

34. The ADA also required and continues to require the defendants to provide Zachary with reasonable accommodations for his disability.

35. Defendants failed to provide Zachary with the necessary educational accommodations.

36. As a direct and proximate result of the defendants' collective actions, Zachary was denied full educational privileges and opportunities as described in paragraph 30 above.

Wherefore, plaintiffs respectfully pray that this Honorable Court enter a monetary judgment against the defendants, jointly and severally in an amount deemed appropriate by the Court plus costs and reasonable attorney's fees.

## COUNT III-PETITION FOR WRIT OF CERTOIRARI

37. Plaintiffs reallege their allegations in paragraphs 1-27 above as their allegations for count III.

38. Plaintiffs believe that Dr. Simon's decision is against the manifest weight of the evidence for several reasons, including but not limited to the following:

    a). School district witnesses testified that Zachary does have a disability and that his disability has caused him to lose credit for work and/or obtain lower grades;

    b). Dr. Simon's decision was based upon **Toyota Motor Mfg. V. Williams**, 534 U.S. 184 (2002), which along with **Sutton v. United Air Lines, Inc**., 527 U.S. 471 (1999), was overruled by recent Congressional amendments to the ADA;

    c). Defendants' decision that Zachary's disabilities do not substantially impair his learning is against the manifest weight of the evidence;

   d). The decision fails to consider the defendants' duties under the ADA.

Wherefore, plaintiffs respectfully pray that this Honorable Court order the District to provide a certified record of the 504 hearing and to provide the Court with a copy of said record so that the Court can make a determination of whether the decision is against the manifest weight of the evidence and if the Court so determines, plaintiffs respectfully pray that the Court reverse that decision.

        Respectfully Submitted,

                By: S/STEVEN E. GLINK
                   STEVEN E. GLINK

LAW OFFICES OF STEVEN E. GLINK
ATTORNEY FOR PLAINTIFFS
ARDC # 6180869
3338 COMMERCIAL AVENUE
NORTHBROOK, ILLINOIS 60062
847/480-7749 (Voice)
847/480-9501 (Facsimile)

- 6 -