**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL M. and CHRISTINE M. as Parents and best friends of ZACHARY M., <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF EDUCATION OF EVANSTON TOWNSHIP HIGH SCHOOL DISTRICT # 202, EVANSTON TOWNSHIP HIGH SCHOOL DISTRICT #202, AVIVA TAUMAN, MARILYN MADDEN, ARACELY CANCHOLA and DR. ERIC WITHERSPOON, DR. BONITA SIMON, <br><br> Defendants. | No. 09 C 797 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

**I. BACKGROUND**

Michael M and Christine M. are parents of Zachary M., a 16-year-old student at Evanston Township High School in Evanston, Illinois.[1] Evanston Township High School is a public high school owned and operated by the Board of Education.

Zachary is diagnosed with Attention Deficit Hyperactivity Disorder, a recognized disability. Plaintiffs claim that Zachary is disabled under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and as such, he is entitled to reasonable accommodations under Section 504. Defendants deny that Zachary is eligible for a Section 504 accommodation plan because his

---

[1] At the times of the occurrences alleged in the complaint, Zachary was 15 years old.

disability does not substantially impair his learning ability. Plaintiffs filed a request for a Section 504 appeal hearing to resolve eligibility dispute. The hearing was held on November 3, 2008, and presided over by Dr. Bonita Simon, an impartial hearing officer. On November 10, 2008, Dr. Simon issued her ruling in favor of the school.

Plaintiffs' complaint consists of the following counts: (1) past violations of Section 504 based on improper denial of Section 504 eligibility ; (2) ongoing violations of Section 504; (3) civil rights violations under 42 U.S.C. § 1983 based on Section 504 and the ADA; and (4) petition for writ of certiorari seeking review of Dr. Simon's decision. Defendants now move to dismiss count 2, as well as all claims against the individual defendants. For the following reasons, Defendants' motion is granted in part and denied in part.

## II. DISCUSSION

### A. Claim Against Dr. Bonita Simon

There is no dispute that neither the ADA nor Section 504 allows for liability against individual actors, and Plaintiffs do not seek to hold Dr. Simon liable under either statute. They instead seek review of Dr. Simon's decision and name Dr. Simon as a defendant to ensure that they have properly pled their state common law claim for certiorari review. The Illinois Administrative Review Act requires a plaintiff seeking judicial review of an administrative agency to name in the action "the administrative agency and all other persons other than the plaintiff who were parties of record to the proceedings before the administrative agency." 735 ILL. COMP. STAT. 5/3-107(a). Although Plaintiffs in this case are not seeking review of the hearing decision pursuant to this act, but rather to the common law writ of certiorari, they named Simon, a non-employee of the school district, out of concern that the common writ has a similar

joinder requirement. Plaintiffs do not object to dismissal of claims against Dr. Simon if she is not a necessary party.

"In Illinois, common law certiorari is employed for reviewing the action of agencies and tribunals exercising administrative functions, where there is no statutory provision that provides for judicial review." *Allgood v. City of Chicago*, No. 06 C 2886, 2006 WL 2682302, at * 4 (N.D. Ill. 2006). Defendants argue that because Dr. Simon is neither an agency nor a tribunal, she is not subject to judicial review and the claims against her should be dismissed.

In *Rochon v. Rodriguez*, 689 N.E.2d 288, 291 (Ill. App. 1997), the court dismissed the police officer plaintiffs' petition for review of their termination by the superintendent defendant. Because the superintendent was not a tribunal or inferior court, and because his decisions to discipline plaintiffs were not quasi-judicial acts, the court held review by writ of certiorari to be "wholly inappropriate." *Id.* at 291. In this case, Dr. Simon is neither a tribunal nor an inferior court. However, the court in *Mayor, City Council & Clerk of City of Harvey v. Dean*, 1896 WL 4417, at *2 (Ill. App. 1896) noted that the writ lies not only to inferior tribunals, but also to "*officers* exercising judicial functions" whose actions are of a quasi-judicial nature. Judicial action typically involves the adjudication of personal rights and the opportunity for the parties to be heard. *Id.* at *3. Both parties agree that Dr. Simon was a hearing officer empowered by federal and state law to preside and rule on various issues of fact and law relative to a Section 504 appeal for Zachary. She was acting in a quasi-judicial manner and is a proper party to a claim seeking review of her decision.

### B. Claims Against School District Employees

Defendants next argue that claims against the individual school district employees in their

3

official capacities are redundant and unnecessary where Plaintiffs are also suing the Board of Education. Defendants argue that any obligations under Section 504 and the ADA that the individual Defendants may hold in their official capacities are derivative of their employer, the Board's obligations under these statutes, and for this reason, the claims against the individual Defendants must be dismissed.

In support of their argument, Defendants rely on *Kerry M. v. Manhattan School District #114*, No. 03 C 9349, 2004 WL 2538303 (N.D. Ill. Sept. 28, 2004). In that case, the court dismissed the plaintiffs' claims against the defendant special education director in her official capacity where the defendant's employer was also a named defendant. *Id.* at *5. The court found suing the individual defendants to be "redundant and unnecessary." Official capacity suits are basically another way of pleading an action against the entity for which the officer is an agent. *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). "[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Graham*, 473 U.S. at 166. *Id.*

Plaintiffs argue that they have adequately pled a claim against the individual defendants. But Plaintiffs fail to distinguish *Kerry M.* in any meaningful way. They instead point to cases in which the court permitted ADA claims against state actors in their official capacities. *See Bruggeman v. Blagojevich*, 324 F.3d 906 (7th Cir. 2003) and *Carten v. Kent State Univ.*, 282 F.3d 391 (6th Cir. 2002) (both discussing whether state officials could be held liable in their official capacities for alleged ADA violations). These cases, however, do not address the issue raised here – whether suing a municipal entity and an official thereof in his official capacity is redundant. Because the Section 504 and ADA obligations of the individual Defendants in this

4

case are derivative of the Board's obligations, and any relief would come from the Board itself, the claims against Defendants Tauman, Madden, Canchola and Dr. Witherspoon are redundant and unnecessary, and are dismissed.[2]

### C. Count II – Ongoing Violations of Section 504

Effective January 1, 2009, the ADA was amended to expand eligibility and coverage. In Count II, Plaintiffs claim that Defendants continue to violate Section 504, and seek a court order compelling Defendants to immediately convene a meeting in order to determine Zachary's eligibility for Section 504 accommodations under the amendments. Defendants argue that this claim should be dismissed as moot since counsel for Defendants has notified Plaintiff's counsel that "the District's Section 504 team is willing and available to reconvene to determine whether Zachary is eligible for accommodations under the revised standards implemented under the ADA Amendment Act." However, at the time of the filings, the meeting had not yet taken place, nor had it been scheduled. Until such a meeting occurs, Plaintiff's claim for relief is not moot.

---

[2] The Seventh Circuit's decision in *Bennett v. Roberts*, 295 F.3d 687 (7th Cir. 2002) is instructive here. In that case, the plaintiff brought § 1983 claims against individual school board members in their official capacities. In reviewing the district court's grant of summary judgment in favor of the board members, the Court looked to whether the board had adopted a policy or custom that deprived the plaintiff of her constitutional rights. Where the plaintiff failed to show that any such custom or policy existed, she could not establish liability against the *individual board members* in their official capacities. The § 1983 analysis is the same whether the claim is brought against the board itself or its individual members in their official capacities.

**III. CONCLUSION**

For the foregoing reasons, Defendants' motion is granted as to the claims against Defendants Tauman, Madden, Canchola and Dr. Witherspoon, and denied as to the claim against Dr. Simon, and count 2.

ENTER:

James B. Zagel
United States District Judge

DATE: July 29, 2009